UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HERMITAGE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case Number 2:10-CV-2225-SLB ) |
| DIAZ ROOFING, L.L.C.; B.J. BLANCHARD; SUSAN BLANCHARD; STEVE SHIRLEY; STEVE SHIRLEY, INC., | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss, or, alternatively, Motion to Decline to Accept Jurisdiction, or, alternatively, Motion to Stay, filed by defendants Steve Shirley and Steve Shirley, Inc., [hereinafter the Shirley defendants], (doc. 7),[1] and Joinder in Motion to Dismiss, filed by defendants B.J. Blanchard and Susan Blanchard, (doc. 11.) Plaintiff Hermitage Insurance Company filed this declaratory judgment action asking the court declare that it has no duty to defend or indemnify defendants Diaz Roofing, Steve Shirley, and Steve Shirley, Inc., from the claims asserted by the Blanchards and the cross-claims of the Shirley defendants, in the underlying action in the Circuit Court of Shelby County, Alabama. (Doc. 1 ¶¶ 2, 18.)  The Shirley defendants have moved to

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

dismiss this action based on a lack of subject-matter jurisdiction, (doc. 7 ¶ 13), and the Blanchards have joined this motion, (doc. 11 at 1). In the alternative, the Shirley defendants ask the court to decline to accept jurisdiction or to stay this case pending the resolution of the underlying action, (doc. 7 ¶¶ 26-27); the Blanchard defendants join the Shirley defendants' Motion to Stay, (doc. 11 at 1).

Upon consideration of the record, the submissions of the parties,[2] the arguments of counsel, and the relevant law, the court is of the opinion that Motions to Dismiss are due to be denied, the Motion to Decline to Accept Jurisdiction, is due to be denied and the Motions to Stay are due to be denied in part and granted in part.

## I. **MOTION TO DISMISS STANDARD**

Under Fed. R. Civ. P. 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiffs, as the parties invoking jurisdiction, bear the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990);

---

[2] On the eve of the date set for oral argument of defendants' Motions, plaintiff filed its Supplemental Response to Defendants' Motion to Dismiss or, Alternatively, Motion to Decline to Accept Jurisdiction or, Alternatively, Motion to Stay. (Doc. 17.) Plaintiff did not seek leave of the court to file its Supplemental Response, which raises new issues and relies on evidence not previously submitted. Defendants had no opportunity to reply to plaintiff's Supplemental Response before the date set for oral argument. Therefore, the court has not considered plaintiff's Supplemental Response, (doc. 17), in deciding defendants' Motions.

*Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29). Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996)(quoting *Lawrence*, 919 F.2d at 1529).

Defendants' challenge to the court's subject-matter jurisdiction in a facial challenge.

## II. **STATEMENT OF FACTS**

Plaintiff's Complaint for Declaratory Judgment contains the following facts:

> 9. On May 26, 2009, B.J. and Susan Blanchard filed a Complaint against Steve Shirley, an individual; Steve Shirley, Inc., an Alabama corporation; and Diaz Roofing, LLC, an Alabama limited-liability company regarding the construction of the Blanchards' home. Generally, the Blanchards alleged that they began noticing problems with the house, the house contained significant construction defects, deficiencies, and problem areas including, but not limited to, water entry in the left garage; multiple water leaks both on the interior and exterior walls from water intrusion from the roof and windows; leakage and improper draining underneath the laid roof tile; improper and inadequate roofing support; water entry into the storage area under the exterior stairs; damage to the electrical system in the breezeway; cracking of the driveway, patios and porches; cracking in the ceiling and

woodwork throughout the house; cracked and defective tiles on the roof; and numerous other problems and defects. (Original Complaint at ¶14, attached hereto as Exhibit C.)

10. Diaz was hired by the Shirley defendants to lay the tile on the roof.

11. The original Complaint alleges negligence/wantonness, breach of contract, fraud/misrepresentation/suppression, unjust enrichment, breach of warranty, breach of implied warranty of habitability, conspiracy, accounting, and negligent hiring/training/supervision.

12. Currently, Hermitage is defending Diaz under a reservation of rights. However, a dispute has arisen between Hermitage and Diaz as to whether there was an "occurrence," as defined by the policy, in this case. There is also a dispute as to whether, if there was an "occurrence," the alleged "occurrence" happened during the insurance policy period.

13. A dispute has also arisen as to whether Diaz gave Hermitage late notice of the alleged "occurrence," which would violate the terms of the insurance policy.

14. There also is a dispute as to whether Diaz made material misrepresentations after the loss, which would be a violation of the terms of the insurance policy.

15. Also, the Complaint seeks damages for claims not covered by the policy, specifically property damage to the insured's work and/or product and the cost to replace, restore or repair the insured's work and/or product.

16. The Shirley defendants have also demanded defense and indemnity from Hermitage for the claims brought against them by the Blanchards. Hermitage seeks a declaration that it has no duty to defend or indemnify the Shirley defendants from the Blanchard claims asserted in the underlying case.

17. The Shirley defendants have filed a cross-claim against Diaz. Hermitage seeks a declaration that it has no duty to defend or indemnify Diaz from the crossclaim brought against it by the Shirley defendants in the underlying case.

18. Based upon the foregoing, Hermitage requests the following relief:

> (a) that the Court assume jurisdiction in this cause of action;
> (b) that the Court allow discovery to be conducted to address insurance coverage issues;
> (c) that the Court conduct such hearings as it deems necessary to resolve the declaratory judgment action;
> (d) that the Court declare that Hermitage has no duty to defend or indemnify Diaz from the allegations of the Blanchards asserted in the underlying case;
> (e) that the Court declare that Hermitage has no duty to defend or indemnify the Shirley defendants from the allegations of the Blanchards asserted in the underlying case;
> (f) that the Court declare that Hermitage has no duty to defend or indemnify Diaz from the allegations of the Shirley defendants asserted in the cross-claim brought against Diaz by the Shirley defendants in the underlying case;
> (g) for such further, additional and different relief to which it may be entitled in the premises.

(Doc. 1 ¶¶ 9-18.) Plaintiff attached to its Complaint the Commericial General Liability Coverage policy issued to Diaz Roofing, an estimate of $161,884.19, to repair the Blanchards' home, and the Blanchards' Complaint filed in the Circuit Court of Shelby County, Alabama. (*See generally* doc. 1-1.)

### III. DISCUSSION

Defendants contend that plaintiff has not alleged the amount in controversy exceeds $75,000, because it has not shown that the cost of its duty to defend will exceed $75,000, and because its duty-to-indemnify claim, which exceeds $75,000, is not ripe.

> "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiffs perspective." [*Federated Mutual Insurance Co. v.*] *McKinnon Motors*, 329 F.3d [805,] 807 [(11th Cir.2003)](internal quotes omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction

> [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)(en banc). "[I]n declaratory judgment cases [such as this one] that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy." E.g., *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)(internal quotes omitted); accord *Toler v. State Farm Mutual Automobile Insurance Co.*, 25 Fed. Appx. 141, 144 (4th Cir. 2001); *Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).

*White-Spunner Const., Inc. v. Zurich American Ins. Co.*, Civil Action No. 10-0158-WS-C, 2010 WL 3489956, 2 (S.D. Ala. Aug. 30, 2010).

As evidence of the amount in controversy, plaintiff points to Exhibit B to its Complaint, which contains an estimate of $161,884.19 to repair the Blanchards' roof. Nothing in the Complaint or in plaintiff's Response to defendants' Motion indicates the estimated cost of defending the Shirley defendants or Diaz Roofing. The Shirley defendants contend that this court cannot consider the amount of the duty-to-indemnify claim because the claim for indemnity is not ripe because the underlying state case has not been decided.

"[T]he Supreme Court of the United States has held that a 'case or controversy' exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured." *Edwards v. Sharkey*, 747 F.2d 684, 686-87 (11th Cir. 1984)(citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1940)); *see also Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992)("[Insured] has made a demand on [insurer] and [insurer] has contended that there are no circumstances under which it can owe [insured] any money. The lines are

drawn, the parties are at odds, the dispute is real."). Because plaintiff's duty to indemnify Diaz Roofing and the Shirley defendants is part of the case or controversy before the court, the court may consider the value of the duty to indemnify as part of the amount in controversy. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006)("Many decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over. The contrary argument has been made often enough that both of the principal treatises on federal practice cover the topic, and both conclude that the potential indemnity obligation counts toward the jurisdictional minimum." (citing *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911-12 (5th Cir.2002); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114 (7th Cir. 1997); *Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979); *Motorists Mutual Insurance Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968); *Maryland Casualty Corp. v. United Corp.*, 111 F.2d 443, 447 (1st Cir. 1940); *U.S. Fidelity & Guaranty Co. v. Pierson*, 97 F.2d 560, 562 (8th Cir. 1938); 12 MOORE'S FEDERAL PRACTICE-CIVIL § 57.22[8][b] (2005 rev.); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14B FEDERAL PRACTICE & PROCEDURE § 3710 at 262-70 (3d ed.1998)))(internal citations omitted).

Considering the value of its duty-to-defend claim, the court finds that plaintiff has satisfied the jurisdictional amount in controversy. Therefore, the Motions to Dismiss, (docs. 7 and 11), will be denied.

As an alternative to dismissal, the Shirley defendants ask the court to "decline to accept jurisdiction of this matter under 28 U.S.C. § 2201 and the *Wilton/Brillhart* doctrine,"[3] as "followed by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) in the context of a declaratory judgment action filed by an insurer against its insured." (Doc. 7 ¶ 21.)

> The Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant. It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. In fact, in cases such as this, the Supreme Court has expressed that it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the ***same issues***, ***not governed by federal law***, between the ***same parties***. The Supreme Court has warned that gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. This warning should be heeded.

*Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330 (quoting *Wilton*, 515 U.S. at 287; citing and quoting *Brillhart*, 316 U.S. at 494-95)(internal citations and quotations omitted; emphasis added). The district court should consider abstention only "in the face of parallel litigation in the state courts" – that is when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*. at 1330-31; *see also Specialty Underwriters Alliance v. Peebles McManus L.L.C.*, 643 F. Supp. 2d 1298, 1301 (M.D. Ala. 2009).

---

[3] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

Plaintiff was allowed to intervene in the underlying case for limited purposes. (*See* doc. 7-1 at 9.) It did not seek to intervene for purposes of resolving the coverage issues raised herein and its intervention was limited to receiving copies of court filings and discovery exchanged and to proposing jury interrogatories. Such limited intervention does not constitute a parallel proceeding regarding the coverage issues. Without a parallel proceeding, there can be no *Wilton/Brillhart* abstention.

Therefore, the Shirley defendants' Motion to Decline to Accept Jurisdiction, (doc. 7), will be denied.

The Shirley defendants and the Blanchards ask this court to stay consideration of this declaratory judgment action pending the resolution of the state court case. The court finds no reason to stay the determination of plaintiff's duty-to-defend claim; however, the court will stay its duty-to-indemnify claim.

In *Employers Mutual Casualty Company v. Evans*, the court held:

> In *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), the Eleventh Circuit held that even though the liability issue had not yet been resolved in the state court, the federal courts were not automatically closed to the insurer seeking declaratory relief. Rather, ***the federal court could determine any obligation on the part of the insurer to defend the insured in the state court case***. *See id*. at 1333. The court noted that this was especially true because "in some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question." *Id*.
>
> . . .

9

This court concludes that it should retain jurisdiction to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. *If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify*. However, *a determination that there is no duty to defend may well determine the duty to indemnify issue*. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined, consistent with *Maryland Casualty Co.*

*Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999)(Propst, J.)(emphasis added).

This court adopts the holding of the *Evans* case and will stay determination of plaintiff's duty-to-indemnify claim until the earlier of the resolution of the underlying state case or the determination of the duty-to-indemnify claim based on the determination of the duty-to-defend claim.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that it has subject-matter jurisdiction over the duty-to-indemnify claim, the jurisdictional amount is satisfied, and the underlying state case is not a parallel proceeding. Therefore, the Shirley defendants' Motion to Dismiss will be denied, their Motion to Decline to Accept Jurisdiction, and their Motion to Stay will be granted in part and denied in part. The Blanchard's Joinder in the Motion to Dismiss is likewise denied; their Motion to Stay is granted in part and denied in part. An Order denying defendants' Motions to Dismiss, (docs. 7 and 11), denying the Shirley defendants' Motion to Decline to Accept Jurisdiction, (doc. 7), and granting in part and

denying in part defendants' Motions to Stay, (docs. 7 and 11), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of December, 2010.

　　　　　　　　　　　　　　　　　　*/s/ Sharon Lovelace Blackburn*
　　　　　　　　　　　　　　　　　　SHARON LOVELACE BLACKBURN
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE